UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Wesley Edward Smith, III, ) | C/A: 2:23-cv-05320-BHH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina, Governor Henry McMaster, ) | |
| Attorney General Alan Wilson, Mayor ) | |
| Joseph P. Riley, Charlie Condon, ) | |
| Commissioner of Social Security, Carolina ) | |
| Franchise Holdings, Inc. LLC, Burger King ) | |
| Inc., Pepsi Bottling Group Inc., ) | |
| Superintendent CCSD, Cummins Engine, ) | |
| James E. Clyburn, Wendong Gillyard, ) | |
| Marvin Pendarvis, Bank of America, Military ) | |
| Magnet Academy, President Joe Biden, ) | |
| Donald Trump, Barrack Obama, George W. ) | |
| Bush, William Clinton, Senator Lindsey ) | |
| Graham, Dr. Anthony Faucci, Hillary Clinton, ) | |
| Anthony Blinken, Senator Mitch McConnell, ) | |
| Nancy Pelosi, Honorable Kevin McCarthy, ) | |
| Piggly Wiggly Inc., Low Country Grocery ) | |
| Fincerern, Honorable Joseph Dawson III, ) | |
| Equal Employment Opportunity ) | |
| Commissioner, Department of Labor, Daniel ) | |
| Frank Blanchard, RE/Max Pro Reality, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Wesley Edward Smith, III ("Plaintiff"), proceeding pro se and in forma pauperis, files this action against the above-named Defendants.  This matter is before the Court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C.  Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that this action should be summarily dismissed without issuance and service of process.

**BACKGROUND**

Plaintiff commenced this action by filing a Complaint, which is confusing and difficult to decipher. [Doc. 1.] However, the Court is able to glean the following pertinent allegations. Plaintiff contends that Defendants have "not complied with production updates to accurately determine at this time [Plaintiff's] true financial benefit or money owed." [*Id*. at 10.] He alleges that he was "legally harmed" because Defendants "failed to protect constitutional procedures due process of assuring correct person were serviced of a complaint and summons was served of which it was [Defendants'] duty to protect and service responsibility with accurate accountability." [*Id*.] Plaintiff contends he seeks the following relief for the "breach and infringement of law by third party acting as official": (1) sanctions and injunctive relief under Rule 11; (2) relief under the APA; (3) relief under the EEOC; (4) relief under 42 U.S.C. § 1983; (5) "rule of law in accord with discovery of evidence/witness statement to (re)cross"; (6) relief "for failing to comply with Rule 11 and Rule 3 and 4." [*Id*.]

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute, which authorizes the Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Further, this Court would possess the inherent authority to review a pro se complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint were not subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)). Accordingly, in addition to the screening requirements of § 1915(e)(2)(B), "[t]he present Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous." *Trawick v. Med. Univ. of S.C.*, No. 2:16-cv-730-DCN-MGB, 2016 WL 8650132, at *4 (D.S.C. June 28, 2016) (citation omitted).

Because Plaintiff is a pro se litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pro se Complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that, if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but the Court may not rewrite a petition to include claims that were never presented, *Barnett v.*

3

*Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted). This is particularly

4

true in a § 1983 action where "liability is personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). "In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. . . . Consequently, [defendants] must have had personal knowledge of and involvement in the alleged deprivation of [plaintiff]'s rights in order to be liable." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation marks omitted).

## DISCUSSION

As an initial matter, it is unclear what causes of action Plaintiff intends to assert in his Complaint. Plaintiff cites Rules 11 and 56 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, 42 U.S.C. §§ 2000e and 1983, Article III of the United States Constitution, the Age Discrimination Act of 1967, the Civil Rights Act of 1964, the Equal Pay Act, the Sherman Act of 1890, the Americans with Disabilities Act, and various other federal statutes and constitutional provisions. [Docs. 1 at 1, 2, 7, 9.] However, while Plaintiff appears to argue that his civil rights have been violated, his rambling, incoherent allegations simply fail to identify any plausible causes of action. And Plaintiff has not explained how any of the above-referenced rules, statutes, or constitutional provisions relate to his allegations or provide a cognizable basis for relief in this action.

Nevertheless, because Plaintiff appears to allege that his civil rights have been violated, the Court construes this action as asserting claims under 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting

5

*Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Nevertheless, Plaintiff's claims are subject to summary dismissal for the reasons below.

**Plaintiff's Claims are Subject to Dismissal**

First, the Complaint as a whole is subject to summary dismissal because it is frivolous and fails to allege facts to support a plausible claim for relief.  Indeed, Plaintiff's Complaint is devoid of any allegations that can be construed as asserting a cognizable claim for relief.  The Complaint is patently frivolous and subject to dismissal.

As noted, 28 U.S.C. § 1915 permits an indigent litigant to proceed in forma pauperis, which allows the litigant to commence a federal court action without prepaying the administrative costs of proceeding with the lawsuit.  *See Staley v. Witherspoon*, No. 9:07-cv-195-PMD-GCK, 2007 WL 1988272, at *1 (D.S.C. July 3, 2007).  However, the statute provides limitations to such actions by permitting the Court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  *Id.* (quoting 28 U.S.C. § 1915(e)(2)(B)).  A complaint is deemed frivolous when it is "clearly baseless" and includes allegations that are "fanciful," "fantastic,"

or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotation marks omitted) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).

In reviewing for frivolousness or malice, the Court looks to see whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004). Although the Court must accept all well-pled allegations and review the Complaint in a light most favorable to plaintiff, *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), it is well-settled that the Court has the authority to dismiss claims that are obviously "fantastic" or "delusional," *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

Here, the Complaint contains assertions that are barely comprehensible and manifestly delusional. Even if Plaintiff has set forth his statements sincerely, as assertions of fact, they cannot be given credibility. The Court finds that Plaintiff's allegations—to the extent they can be understood—clearly fall within the statute's definition of frivolity. *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (noting examples of frivolous claims include those whose factual allegations are "so nutty," "delusional," or "wholly fanciful" as to be simply "unbelievable." (internal quotation marks and citations omitted)). Plaintiff's conclusory assertions fail to show any arguable basis in fact or law and Plaintiff fails to present allegations to support a claim for relief that is plausible. *See Neitzke*, 490 U.S. at 325 ("A suit is frivolous if it lacks an arguable basis in law or fact."); *see also Brock v. Angelone*, 105 F.3d 952, 953–54 (4th Cir. 1997) (finding a prisoner's claim, that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his

prison, was fanciful or delusional, and dismissing the appeal as frivolous with sanctions); *Neal v. Duke Energy*, No. 6:11-cv-1420-HFF-KFM, 2011 WL 5083181, at *4 (D.S.C. June 30, 2011), *Report and Recommendation adopted by* 2011 WL 5082193 (D.S.C. Oct. 26, 2011) (dismissing action upon finding plaintiff's factual allegations were frivolous, fanciful, and delusional where plaintiff claimed defendants clandestinely placed a GPS device in her car while it was in the shop for repairs and that she was being stalked by the defendants, noting the allegations were "made without any viable factual supporting allegations and appears to be the product of paranoid fantasy"); *Feurtado v. McNair*, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007). In sum, "Plaintiff's filings are so outlandish and unmoored from reality that the Court finds this entire action to be frivolous." *Anderson v. Dye*, No. 5:21-cv-00168-MR, 2022 WL 1213619, at *3 (W.D.N.C. Apr. 25, 2022).

Although Plaintiff has identified numerous federal statutes, rules, and constitutional provisions, he provides no allegations whatsoever to show that any Defendant violated his rights in any way.

**Defendants Subject to Dismissal**

Moreover, all of the named Defendants are entitled to dismissal. Plaintiff appears to name thirty-three Defendants in this action including United States President Biden and former Presidents Trump, Obama, Bush, and Clinton; various other federal government officials, such as Secretary of State Blinken and former Secretary of State Clinton; numerous members of Congress, including Senator Graham, Representative Clyburn,

Representative Pelosi, Senator McConnell, and Representative McCarthy; various federal agencies such as the Department of Labor and the Equal Employment Opportunity Commission; certain corporations, including Piggly Wiggly, Pepsi Bottling Group, and Burger King; numerous state officials for the State of South Carolina, such as Governor McMaster and Attorney General Alan Wilson; United States District Court Judge Dawson; along with other Defendants.

The undersigned concludes that all of the named Defendants are subject to summary dismissal because Plaintiff does not allege facts showing their direct involvement in any alleged unconstitutional conduct. Instead, Plaintiff merely names Defendants in the caption of his Complaint and makes general, conclusory allegations about the alleged violations of his rights. "However, such general allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim." *Tracey v. Nelson*, No. 1:12-cv-1614-JMC-SVH, 2012 WL 4583107, at *2 (D.S.C. Aug. 31, 2012), *Report and Recommendation adopted by* 2012 WL 4588205 (D.S.C. Oct. 1, 2012). Because Plaintiff makes no factual allegations in the Complaint of personal involvement against any Defendant, they are all entitled to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

Further, most, if not all, Defendants are entitled to dismissal because they are not persons subject to suit under 42 U.S.C. § 1983, to the extent this action is construed as such, or because they are immune from suit. *See, e.g.*, *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (noting that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person"); *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (explaining that neither the state nor its agencies is a "person" within § 1983); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (noting prosecutors have absolute immunity from suit when acting within the scope of their duties); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (noting judges have absolute immunity from claim for damages arising out of their judicial actions).

**This Action is Duplicative**

Additionally, this action should be dismissed as a duplicative action because Plaintiff has filed several prior actions in this Court making similar frivolous claims to those he raises here.[1] Indeed, this Court has previously warned Plaintiff against filing meritless cases.

Plaintiff has filed more than a dozen cases in this Court at case numbers 2:06-cv-0040, 2:06-cv-2177, 2:08-cv-2281; 2:08-cv-2573; 2:10-cv-0401; 2:10-cv-0402; 2:10-cv-0403; 8:11-cv-2033; 2:13-cv-3346; 8:19-cv-0467; 2:22-cv-2637; 2:23-cv-4068 (case removed from state court); and 2:23-cv-5320. Many of those cases were summarily

---

[1] The Court takes judicial notice of Plaintiff's other cases filed in this Court, in which Plaintiff makes nearly identical claims as those raised in the instant case. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

dismissed as frivolous or for failing to state a claim for relief. Plaintiff has also filed numerous appeals to the Fourth Circuit Court of Appeals and to the United States Supreme Court in most of those cases. Indeed, as a result of Plaintiff's numerous frivolous appeals, the United States Supreme Court has imposed the following sanction:

> As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1.

*Smith v. Dybing*, 566 U.S. 1019 (2012).

Likewise, Plaintiff has filed numerous meritless cases in various state courts and in other federal district courts and courts of appeals, most of which were dismissed as frivolous. For example, Plaintiff has filed cases in the South Carolina state courts[2] asserting similar claims to those he asserted in the cases previously filed in this Court. Specifically, he filed actions in the Charleston County Court of Common Pleas at case numbers 2003-cp-10-04751; 2011-cp-10-7206; and 2013-cp-10-00417; and in the Dorchester County Court of Common Pleas at case number 2002-cp-18-01016. He also filed numerous appeals in the South Carolina Court of Appeals at case numbers 2013-000243; 2013-000527; 2013-000544; 2013-000995; 2014-000995; 2015-000548; 2015-000787; 2015-000896; 2019-000616, and in the South Carolina Supreme Court at case numbers 2015-001271; 2015-002061; 2016-000002; and 2019-001315.

Additionally, Plaintiff has filed meritless cases in the United States District Court for the Southern District of New York ("SDNY") at case numbers 1:10-cv-3945; 1:13-cv-8111;

---

[2]Plaintiff also appears to have filed cases in the state courts of New York and Virginia.

1:13-cv-8599; 1:20-cv-7521; and 1:21-cv-0573. As a result, on February 27, 2014, Plaintiff was barred from filing any new action in forma pauperis in the SDNY without first obtaining leave to file from that court. *See Smith v. Comm. of Va.*, No. 1:13-cv-8111 (S.D.N.Y. Feb. 27, 2014), Doc. 7.

Plaintiff has also filed meritless cases in the United States District Court for the Eastern District of Virginia at case numbers 3:08-cv-0715; 3:08-cv-0800; 3:10-cv-0881; and 3:23-cv-0665. In one case, that court noted that Plaintiff "has shown a marked propensity to litigate frivolously and for purposes of vexation, even after courts have rejected his claims" and that he "has shown no qualms about persisting in baseless litigation." *Smith v. Virginia*, No. 3:10-cv-881, 2011 WL 1348334, at *6 (E.D. Va. Apr. 8, 2011), *aff'd*, 440 F. App'x 207 (4th Cir. 2011). As such, that court imposed sanctions, noting as follows:

> A clearer case for sanctions could not be made. The only issue remaining is what is an appropriate sanction. The Court concludes that Smith's egregious conduct warrants both monetary sanctions and injunctive relief.

*Id.* at *6.

In sum, Plaintiff has filed numerous meritless actions in this Court, in state courts, and in other federal district courts and courts of appeal asserting claims similar to those made in the present case. And he has been sanctioned by multiple courts for his frivolous and vexatious litigation.[3]

---

[3] The Honorable David C. Norton warned Plaintiff in his most recent prior action as follows:

> The undersigned strongly admonishes plaintiff against filing future meritless actions. Should plaintiff continue to file such cases, the court may impose sanctions to include a pre-filing injunction order.

Because Plaintiff has filed numerous cases in federal court, he is well aware of the pleading requirements to state a claim for relief. Nevertheless, Plaintiff has failed to do so in the present case.

In light of all the foregoing, this case should be dismissed as frivolous under § 1915(e)(2)(B)(i) and for failure to state a claim under which relief may be granted pursuant to § 1915(e)(2)(B)(ii).

### **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action pursuant to § 1915(e)(2)(B) without issuance and service of process.[4]

**IT IS SO RECOMMENDED**.

s/Jacquelyn D. Austin
United States Magistrate Judge

October 26, 2023
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

*Smith v. Carolina Franchise Holdings, Inc.*, No. 2:22-cv-2637-DCN (D.S.C. Jan. 19, 2023), Doc. 22 at 2.

[4] The undersigned finds that, in light of all of the foregoing, Plaintiff cannot cure the deficiencies in his Complaint and that allowing Plaintiff to amend his pleadings therefore would be futile. This is so because, on the face of the Complaint, Plaintiff's allegations are frivolous. Further, Plaintiff has previously filed many frivolous actions and has been warned against doing so. Therefore, the undersigned recommends that the District Court decline to give Plaintiff an opportunity to amend. *See Workman v. Kernell*, No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018); *McSwain v. Jobs*, No. 1:13-cv-00890, 2014 WL 12672619, at *1 (M.D.N.C. Jan. 6, 2014) ("[G]iven the preposterous and frivolous nature of [the plaintiff's] complaint, it would be a waste of limited judicial resources to give him an opportunity to amend.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).